IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DAVID MEREDITH,<br><br>                  Plaintiff,<br><br>vs.<br><br>YUCHEN JESSICA WANG,<br><br>                  Defendant. | **Superior Court Case No. DM0435-18**<br><br><br>**DECISION AND ORDER RE<br>MOTION TO COMPEL** |

The Court here considers Defendant Yuchen Jessica Wang's Motion to Compel. Having reviewed the parties' arguments and the relevant rules and law, the Court DENIES IN PART and GRANTS IN PART Wang's Motion.

## I.  PROCEDURAL HISTORY

The parties agreed to cut off discovery on August 23, 2019. Stip. Extend Time (June 10, 2019). On July 1, 2019, based on Plaintiff David Meredith's alleged failures and omissions in his responses to Wang's discovery requests, Wang's counsel sent Meredith's counsel a proposed Stipulation to Discovery Dispute pursuant to CVR 37.1, provided notice of this Motion, and requested to meet and confer. Wang Decl. ¶ 9 (Aug. 29, 2019). Meredith's counsel responded with a July 11, 2019 letter that Wang's counsel found unresponsive to her requests. Wang Decl. ¶ 10, Ex. F. Wang's counsel followed up with another letter on August 7, 2019, again highlighting the alleged deficiencies in Meredith's responses and seeking to meet and confer, Wang Decl. ¶ 12, Ex. G, but no response followed. Wang then filed this present Motion. But no CVR 37.1 Stipulation has been submitted.

ORIGINAL

## II. LEGAL DISCUSSION

### A. Motion to Compel

A party may move to compel a disclosure upon an opposing party's failure to make a required Rule 26(a) disclosure. GRCP 37(a)(2). Rule 26(b) further governs the scope of discovery and provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any part...[and] [f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." GRCP 26(b)(1).

Wang asks the Court to compel the following documents from Meredith:

1. Complete copies of all income tax returns for years 2009 to 2014, including all supporting schedules and attached documents;

2. 2013 income tax return with schedules D and E;

3. All account statements from 2008 to September 27, 2010, from a Hong Kong Shanghai Banking Corporation ("HSBC") UK London account ending in -50601;

4. All account statements from 2008 to June 8, 2018, from an HSBC account ending in -72833;

5. All account statements from 2008 to September 30, 2012, and from May 31, 2016, to May 31, 2018, from an ETrade account ending in -7467;

6. All account statements from 2008 to April 30, 2016, and from June 30, 2016, to March 31, 2018, from an Etrade account ending in -1984;

7. All account statements from 2015 to 2019 from any NatWest account;

8. Responses to Wang's Interrogatories Nos. 16 and 20 concerning Meredith's current expenses and expenses expended on Diana's mother (the mother of Meredith's child) for the years 2008 to 2019;

ORIGINAL

9. HUD-1 settlement statements for the purchase and sale of the parties' New Jersey home and three Florida condominiums; and

10. All financial records from the ten years before 2018 or the longest time period up to ten years not already produced that are genuinely available.

Reply at 3-4 (Oct. 10, 2019). Wang also seeks an order remedying the document dump and a second deposition of Meredith. Reply at 4.

Meredith responds that he either does not have the documents in his possession, custody or control, that the requests are unduly burdensome or irrelevant, that he is still receiving statements from the relevant financial institutions, or that he has no documents for certain dates because the financial institution does not keep documents past a certain number of years. Opp'n at 7-10 (Sept. 26, 2019).

Having reviewed Wang's requests and the parties' arguments, the Court finds that the majority of the requests are relevant and necessary for determining the division of the parties' finances and property in their divorce action. *See Schnabel v. Super. Ct.*, 5 Cal. 4th 704, 711 (1993) ("information about the value of community assets and the parties' financial status is clearly relevant to the spouse's interests in obtaining a fair division of those assets and fair attorney fee and spousal support [awards]...."). Though Meredith argues that the parties separated after January 2015 and therefore the parties' community interests should be valued as of the date of separation and not after, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." GRCP 26(b)(1); *see also Phoenix Solutions, Inc., v. Wells Fargo Bank, N.A.*, 254 F.R.D. 568, 582-83 (N.D. Cal. 2008) ("Relevancy for discovery is flexible and has a broader meaning than admissibility at trial."). Wang argues the financial records could lead to the discovery of

ORIGINAL

admissible evidence concerning the parties' finances, and the Court agrees. Reply at 7. Accordingly, the Court GRANTS items 1 through 7, 9, and 10.

As for Meredith's claims the requested tax returns and their attachments are in Meredith's tax preparer's possession and that the HUD-1 Settlement Statements are in his closing agent's possession, the Court finds these documents remain in Meredith's control. To comply with his duty for production of requested documents, within 14 days of this Decision and Order, Meredith must request the relevant files from his tax preparer and Settlement Statements from his closing agent, provide copies of such requests to Wang, and produce such documents within 30 days of this Decision and Order. *See* GRCP 34(a)(1) (a party may request "tangible things…which are in the possession, custody or control of the party upon whom the request is served.").

As to Meredith's claim that many of the financial institutions do not have records past a certain date, his supporting documentation did not precisely state this. To comply with his discovery obligations, Meredith must produce information or documentation from those financial institutions stating records for a specific bank account no longer exist for the specific dates requested by Wang. He must make those requests no later than 14 days from this Decision and Order and provide copies of such correspondence to Wang.[1] However, Meredith does not have to produce documents for any account that is also in Wang's control as joint account holder.

Regarding further depositions, at the motion hearing, Meredith echoed Wang's request for a second deposition. The Court thus GRANTS item 11 and GRANTS Meredith's request to depose Wang again. Both depositions must be limited to evidence produced after the discovery cut-off date.

---

[1] The Court acknowledges that the outcome of this request to Meredith's financial institutions may be subject to further litigation and potential attorney's fees.

ORIGINAL

As to item 8's request for responses to Wang's interrogatories on Meredith's current living expenses including rent, utilities, food, and clothing, and "expenses paid for mother of Dana, years 2008 through 2019," the Court GRANTS Wang's request. Meredith's objections of irrelevance are misplaced. Again, the Court needs a full and fair financial picture of the parties' assets during their marriage to eventually determine the proper dissolution and award of community property. Wang's request appears reasonably calculated to lead to the discovery of admissible evidence--for example, whether Meredith used community property to pay for Diana's mother's expenses through the years 2008 to 2019 and whether he is using proceeds from community property to pay for his current expenses.

Finally, because Meredith represented at the motion hearing that he is providing the relevant financial documents as they arrive and he is not engaging in document dumping, the Court DENIES this aspect of Wang's motion.

## B. Attorney Fees for the Motion to Compel

If a party fails to make a disclosure before the prescribed deadline, "any [] party may move to compel disclosure and for appropriate sanctions . . . [and] must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." GRCP 37(a)(2)(A); *see also* CVR 37.1(a).

Wang requests that Meredith pay her attorney fees and costs for discovery enforcement time and work, including any work related to this motion. Reply at 8. However, Meredith argues that Wang does not merit an award because she did not make a good faith effort to obtain the disclosures without court action. Opp'n at 3-4. As required under both Rule 37 and CVR 37.1, there must be "a good faith effort to obtain the disclosure or discovery" or arrange for a

ORIGINAL

conference to resolve the discovery dispute without court action. GRCP 37(a)(4); CVR 37.1(a). The Court finds Wang did make a good faith effort to obtain the disclosures without court action by sending Meredith's attorney the July 1, 2019 proposed stipulation pursuant to CVR 37.1 and then sending the August 7, 2019 letter in response to Meredith's July 11, 2019 letter. Meredith's lack of response to Wang's follow-up letter necessitated court involvement because the discovery cut-off date had passed and Wang did not have the requested disclosures or a responsive stipulation outlining the remaining issues separately and with particularity. The lack of a CVR 37.1 Stipulation also impaired this Court's review of the discovery dispute.

However, because the Court grants in part and denies in part this Motion to Compel, it may apportion the reasonable expenses incurred in relation to the motion among the parties in a just manner. GRCP 37(a)(4)(C). Wang has not convinced the Court that Meredith's delay in disclosing the requested documents was due to a bad faith effort on Meredith's part and not due to the relevant financial institutions' possession of the extensive quantity of documents involved in this case. The Court therefore finds that requiring Meredith to pay the full cost of Wang's attorney fees and costs related to her motion would be unjust. Thus the Court ORDERS Meredith pay 70% of Wang's attorney fees and costs related to this motion. Within 14 days of this Decision and Order, Wang may furnish a statement of its fees and costs incurred in connection with this Motion to Compel.

## III.  CONCLUSION

For the aforementioned reasons, the Court GRANTS IN PART and DENIES IN PART Wang's Motion to Compel. Wang may file a statement of attorney costs and fees no later than 14 days of this Order.

ORIGINAL

SO ORDERED this 4th day of December 2019.

HON. ELYZE M. IRIARTE<br>
Judge, Superior Court of Guam

SEC... ...A C... ...Y.
I acknowledge that a copy of the
original hereto was placed in the
court box of:
Berman O'Connor &
Mann ; V. Williams
Date: 12/4/19  Time: 4:23pm
for
...k, Superior Court of Guam

Appearing Attorneys:

       Daniel J. Berman, Esq., Berman, O'Connor & Mann, for Yuchen Jessica Wang

       Vanessa L. Williams, Esq., Law Office of Vanessa L. Williams, P.C., for David Meredith

# ORIGINAL